# United States District Court, Northern District of Illinois

| | | | |
|---|---|---|---|
| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
| CASE NUMBER | 11 C 3729 | DATE | 6/14/2011 |
| CASE TITLE | Fertel vs. Kemp | | |

**DOCKET ENTRY TEXT**

The case is dismissed for lack of subject matter jurisdiction.

■[ For further details see text below.] Docketing to mail notices.

## STATEMENT

Federal courts must police their jurisdiction. Kreuger v. Cartwright, 996 F.2d 928, 930-31 (7th Cir. 1993). When a party invokes diversity as the jurisdictional basis, more than $75,000 must be in controversy. 28 U.S.C. § 1332. When the plaintiff files in federal court, courts generally accept good faith, uncontested allegations about the amount in controversy unless it appears to a legal certainty the claim is for less than the jurisdictional amount. Shaw v. Dow Brands, Inc., 994 F.2d 364, 366 n.2 (7th Cir. 1993); Rexford Rand Corp. v. Ancel, 58 F.3d 1215, 1218 (7th Cir. 1995); Gabriel v. Mitsubishi Motor Sales of Am., Inc., 976 F. Supp. 1154, 1156 (N.D. Ill. 1997).

However, courts should vet the pleaded amount where a plaintiff pleads damages clearly below the jurisdictional minimum. Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 957-59 (7th Cir. 1998). The Seventh Circuit takes a particularly exacting approach to the amount in controversy in actions arising from individual automobile contracts. See, e.g., id.; Schimmer v. Jaguar Cars, Inc., 384 F.3d 402 (7th Cir. 2004); Voelker v. Porsche Cars N. Am., Inc., 353 F.3d 516 (7th Cir. 2003).

In his Complaint, Plaintiff Corey Fertel alleges he was sold a phony 1966 Corvette. He pleads diversity jurisdiction pursuant to 28 U.S.C. § 1332. Fertel expressly alleges damages of a $70,500 purchase price plus a $200-a-month storage fee. Fertel's Complaint does not say for how many months he has stored the car, but it appears to be about nine months, worth roughly $1,800. Total damages alleged, at most, equal $72,300. This is not more than $75,000 and fails to satisfy 28 U.S.C. § 1332. The court acknowledges Fertel's state law tort claims, all based on the same set of facts flowing from a breach of contract, and his request for punitive damages. However, "[i]t is hard to see how damages could exceed the cost of cover in a dispute about the quality of a consumer product that does not produce personal injury." Gardynski-Leschuck, 142 F.3d at 959 (applying legal certainty test).

Further, the Seventh Circuit, in determining for purposes of the amount in controversy a car's value in a lawsuit, subtracts from the contract or purchase price the actual value of the allegedly defective car. See Schimmer, 384 F.3d at 406 (citing Gardynski-Leschuck, 142 F.3d at 956-59). In this case, Fertel does not

| STATEMENT |
|---|
| expressly allege what the value of the automobile is. His Complaint details the allegedly faux Corvette's shortcomings, but does not allege it is worthless. The damages Fertel has alleged fall short of § 1332's requirement. Subtracting the value of the car would drive them down further. See Schimmer, 384 F.3d at 406. In light of the Seventh Circuit's position on this point, the court finds to a legal certainty that the amount in controversy in this case does not exceed $75,000. See Shaw, 994 F.2d at 366 n.2; Rexford Rand Corp., 58 F.3d at 1218; Gabriel, 976 F. Supp. at 1156. The case is dismissed for lack of subject matter jurisdiction.<br>    IT IS SO ORDERED. |